UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| CLAUDE KAMPESKA, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 1:22-CV-01012-CBK <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff filed this medical malpractice claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), arising out of the medical care he received at an Indian Health Service medical facility. During discovery, counsel for plaintiff moved to withdraw, citing ethical considerations. The motion was granted. Defendant filed a motion for summary judgment. Plaintiff has failed to respond to the motion or to otherwise prosecute this action.

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Johnson v. Schulte Hosp. Grp., Inc., 66 F.4th 1110, 1113–14 (8th Cir. 2023) (quoting Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011)), Fed. R. Civ. P. 56(c)(2).

The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

Defendant is entitled to judgment as a matter of law if the plaintiff party fails to "make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. at 323, 106 S.Ct. at 2552. In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

Under the District of South Dakota's Civil Local Rules of Practice, "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. L.R. 56.1(D). Plaintiff did not respond at all to the defendant's motion for summary judgment and did not controvert the defendant's statement of material facts. This Court is entitled to rely upon the facts set forth by the defendant.

In FTCA cases, the Court must apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). To establish a claim for medical malpractice under South Dakota law, plaintiff must prove four elements: (1) a legal duty to act according to a recognized standard of care; (2) breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of the standard of care and the injury. Hanson v. Big Stone Therapies, Inc., 916 N.W.2d 151, 158 (S.D. 2018). "Under South Dakota law, the general rule in medical malpractice cases is that negligence must be established by the testimony of medical experts." Traversie v. Rapid City Regional Hospital Inc., 2014 WL 4715689, at *6 (D.S.D. 2014) (*quoting* Magbuhat v. Kovarik, 382 NW2d 43, 46 (SD 1986)).

As a matter of law, plaintiff cannot establish a breach of the standard of medical care without expert testimony. His own expert has testified under oath that the treating physician in plaintiff's case did not violate the standard of care. Plaintiff timely designated his medical expert and the time to designate any additional expert has passed. Defendant is entitled to judgment as a matter of law because plaintiff cannot prove an

2

essential element of his case with respect to which he has the burden of proof – that plaintiff's treating physician breached the standard of care.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 37, for summary judgment is granted. Judgment shall enter in favor of the defendant with costs.

DATED this 22nd day of January, 2025.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge